1  SAM BENEVENTO, Esq.
   Nevada Bar No. 003676
2  ROBERTSON & BENEVENTO
   1945 East Warm Springs
3  Las Vegas, NV 89119
   Phone: (702) 433-2000
4  Email: generaldelivery@nevlawyers.com
5  Attorney for Debtor(s)

6

7                    **UNITED STATES BANKRUPTCY COURT**

8                           **DISTRICT OF NEVADA**

9  **In Re:**                          )  **Case No. BKS-10-29511-LBR**
                                        )  **Chapter 13**
10 **VIJAY GANDHI**                     )
                                        )
11                                      )  **Hearing Date:   December 22, 2010**
                                        )  **Hearing Time:   3:05 pm**
12                                      )
                                        )
13 **Debtor(s).**                       )
                                        )
                                        )
14 _____     )

15 **MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF BANK**
       **OF AMERICA PURSUANT TO 11 U.S.C. §506(a) AND §1322**

16

17         Debtor, Vijay nGandhi, by and through attorney Sam Benevento hereby move this

18 Court for its Order valuing collateral and modifying the rights of Bank of America  ("BofA")

19 pursuant to 11 U.S.C. §506(a), and §1322, and Bankruptcy Rules 3012 and 9014.  In

20 furtherance of this motion, Debtor states as follows:

21     1.      Debtor filed the above captioned Chapter 13, Case Number 10-29511LBR on

22             October  15, 2010.

23     2.      On the petition date, Debtor owned real property located at 10089 Dragonfly

24             Wing St., Las Vegas, NV  89183, legally described as:

25             Spencer Pyle, Plat Book 86, Page 43, Lot 197, Block 3

26             APN 177-26-211-197,

27             (hereinafter the "Property").

28     3.      The value of the Property was $156,000.00 as of the petition date.  See

ROBERTSON & BENEVENTO
1945 East Warm Springs Road
Las Vegas, Nevada 89119
Tel: (702) 433-2000   Fax: (702) 269-8139

ROBERTSON & BENEVENTO
1945 East Warm Springs Road
Las Vegas, Nevada 89119
Tel: (702) 433-2000   Fax: (702) 269-8139

1    appraisal attached hereto as Exhibit "1".

2    4.    As of the petition date, the Property was encumbered by a First Trust Deed in

3    favor of US Bank securing a note with a principal balance of $168,205.00.

4    5.    As of the petition date, no equity existed in the Property above the claim of US

5    Bank with respect to the First Trust Deed.

6    6.    BOFA holds a Second Trust Deed securing a note with a principal balance of

7    $200,094.00.  This Second Trust Deed was wholly unsecured on the petition

8    date and if the Property were to be sold at auction, BOFA would receive

9    nothing with respect to the Second Trust Deed.  This Second Trust Deed was

10    recorded in the Office of the Clark County Recorder as instrument 20041026-

11    0004847 and as modified by document recorded 20051007-0004066, and as

12    again modified by document recorded 20061218-0002558, all in the Office of

13    the Clark County Recorder.

14    7.    The Debtor therefore takes the position that BOFA's note secured by Second

15    Trust Deed is unsecured and should be reclassified as a general unsecured

16    claim to receive pro rata with other general unsecured creditors through the

17    Debtors' Chapter 13 Plan.

18    **LEGAL ARGUMENT**

19    In *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002), the Court stated that a wholly

20    unsecured lien holder's claim can be modified and reclassified as a general unsecured

21    claim pursuant to 11 U.S.C. §506(a), despite the anti-modification language in

22    §1322(b)(2).  Specifically, the Court held:

23
24                Section 506(a) divides creditors' claims into "secured...claims"
                and   "unsecured   claims."    Although   the   conventional
25                interpretation of "secured" might include any claim in which
                the creditor has a security interest in the debtor's property, §
26                506(a) makes clear that the status of a claim depends on the
                valuation of the property.  An allowed claim of a creditor
27                secured by a lien on property in which the estate has an
                interest ... is a secured claim to the extent of the value of such
28                creditor's interest in the estate's interest in such property ...

and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim

...

To put it more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it.   Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim."   Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

Since BOFA's Second Trust Deed is wholly unsecured (in that there is no equity above the first mortgage in the Property), this Court should reclassify BOFA's second mortgage claim to a general unsecured claim to be receive pro rata with like unsecured creditors.   BOFA should also be stripped of its secured rights under State law and the recorded Second Trust Deed should be expunged from the county records to give effect to this Court's order.

Moreover, Debtor may bring a motion to "strip off" BOFA's Second Trust Deed and is not required to file an adversary proceeding.  *See In re Williams,* 166 B.R. 615 (Bankr.E.D.Va.1994), *In re Fuller,* 255 B.R. 300 (Bankr.W.D.Mich.2000), *In re Hoskins,* 262 B.R. 693 (Bankr.E.D.Mich.2001), *In re King,* 290 B.R. 641 (Bankr.C.D.Ill.2003), *In re Millspaugh,* 302 B.R. 90 (Bankr.D.Idaho 2003), *Dickey v. Ben. Fin. (In re Dickey)* 293 B.R. 360 (Bankr.M.D.Pa.2003), *In re Hill,* 304 B.R. 800 (Bankr.S.D.Ohio 2003); *In re Sadala* 294 B.R. 180 (Bankr.M.D.Fla.2003), *In re Fisher,* 289 B.R. 544 (Bankr.W.D.N.Y.2003), *In re Robert, 313 B.R. 545 (Bankr.N.D.N.Y.2004), In re Bennett,* 312 B.R. 843 (Bankr.W.D.Ky.2004).

/ / /

ROBERTSON & BENEVENTO
1945 East Warm Springs Road
Las Vegas, Nevada 89119
Tel: (702) 433-2000    Fax: (702) 269-8139

WHEREFORE, Debtor prays that this Court:

1.      Find that BOFA is not a holder of a lien on the Property with respect to the Second Trust Deed.

2.      Immediately avoid, "Strip off", extinguish and expunge from the County Recorder BOFA's wholly unsecured Second Trust Deed from the Property pursuant to 11 U.S.C. Section 506(a);

3.      Reclassify BOFA's claim as a general unsecured claim to be paid pro rata with other general unsecured creditors through the debtor's chapter 13 plan;

4.      Such other relief the Court finds appropriate.


Dated:   November 9, 2010



/s/  Sam Benevento, Esq.
Sam Benevento
Attorney for Debtor(s)

ROBERTSON & BENEVENTO
1945 East Warm Springs Road
Las Vegas, Nevada 89119
Tel: (702) 433-2000    Fax: (702) 269-8139

# APPRAISAL OF REAL PROPERTY

**LOCATED AT:**
10089 Dragonfly Wing St
Spencer Pyle Plat Book 86 Page 43 Lot 197 Block 3
Las Vegas, NV 89183-6493

**FOR:**
Gandhi, Vijay
10089 Dragonfly Wing St, Las Vegas

**AS OF:**
10/08/2010

**BY:**
Steven D Protheroe

# Uniform Residential Appraisal Report

File # 0104367

The purpose of this summary appraisal report is to provide the lender/client with an accurate, and adequately supported, opinion of the market value of the subject property.

| | | | |
|---|---|---|---|
| Property Address 10089 Dragonfly Wing St | City Las Vegas | State NV | Zip Code 89183-6493 |

Borrower N/A    Owner of Public Record Gandhi, Vijay    County Clark

Legal Description  Spencer Pyle Plat Book 86 Page 43 Lot 197 Block 3

Assessor's Parcel #  177-26-211-197    Tax Year 2010    R.E. Taxes $ 1,514.89

Neighborhood Name  Spencer Pyle    Map Reference  MM 85-C3    Census Tract 0028.16

Occupant ☒ Owner ☐ Tenant ☐ Vacant    Special Assessments $ N/A    ☒ PUD    HOA $ 120.00 ☒ per year ☐ per month

Property Rights Appraised ☒ Fee Simple ☐ Leasehold ☐ Other (describe)

Assignment Type ☐ Purchase Transaction ☐ Refinance Transaction ☒ Other (describe) Bankruptcy

Lender/Client  Gandhi, Vijay    Address  10089 Dragonfly Wing St, Las Vegas

Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal?  ☐ Yes ☒ No

Report data source(s) used, offering price(s), and date(s).    The subject has not been listed on the MLS in the past 12 months.

I ☐ did ☒ did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed.

Contract Price $ N/A    Date of Contract N/A    Is the property seller the owner of public record? ☐ Yes ☐ No  Data Source(s)

Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc.) to be paid by any party on behalf of the borrower?  ☐ Yes ☐ No

If Yes, report the total dollar amount and describe the items to be paid.

**Note: Race and the racial composition of the neighborhood are not appraisal factors.**

| Neighborhood Characteristics | | | One-Unit Housing Trends | | | One-Unit Housing | | Present Land Use % | |
|---|---|---|---|---|---|---|---|---|---|
| Location ☐ Urban ☒ Suburban ☐ Rural | | | Property Values ☐ Increasing ☐ Stable ☒ Declining | | | PRICE $ (000) | AGE (yrs) | One-Unit | 60 % |
| Built-Up ☒ Over 75% ☐ Under 25% | | | Demand/Supply ☐ Shortage ☐ In Balance ☒ Over Supply | | | | | 2-4 Unit | 5 % |
| Growth ☐ Rapid ☒ Stable ☐ Slow | | | Marketing Time ☐ Under 3 mths ☒ 3-6 mths ☐ Over 6 mths | | | 124 Low 3 | | Multi-Family | 5 % |
| Neighborhood Boundaries     The Subjects Neighborhood is bounded by Pebble Rd to the North, Eastern | | | | | | 225 High 13 | | Commercial | 5 % |
| Ave to the East, St Rose Pkwy to the South, Bermuda Rd to the West. | | | | | | 162 Pred. 11 | | Other | 25 % |

Neighborhood Description     The subject is located within close proximity to recreational facilities as well as parks. Employment centers are close by along with schools and major highways. No adverse factors affecting marketability were noted at time of inspection. Commercial uses are located along main routes and have no negative impact. 25% other present land use consists of vacant land, parks and recreation areas, schools.

Market Conditions (including support for the above conclusions)     Subject's market area activity/values are declining at this time. Prices appear to be softening due to over supply. Units typically sell within 1-160 day time frame if competively priced and marketed properly. Conventional, government financing is tightening causing a smaller pool of qualified buyers. Lone discounts, interest buydowns, and concessions are typical.

| | | | |
|---|---|---|---|
| Dimensions Refer To Plat Map | Area 5,342 Sq. Ft. | Shape Regular | View Neighborhood |

Specific Zoning Classification R-2    Zoning Description Medium Density Residential

Zoning Compliance ☒ Legal ☐ Legal Nonconforming (Grandfathered Use) ☐ No Zoning ☐ Illegal (describe)

Is the highest and best use of subject property as improved (or as proposed per plans and specifications) the present use?  ☒ Yes ☐ No  If No, describe

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements – Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | | Water | ☒ | | Street Asphalt | | ☒ |
| Gas | ☒ | | Sanitary Sewer | ☒ | | Alley None | | |

FEMA Special Flood Hazard Area ☐ Yes ☒ No  FEMA Flood Zone  X    FEMA Map # 32003C2569E    FEMA Map Date 9/27/2002

Are the utilities and off-site improvements typical for the market area?  ☒ Yes ☐ No  If No, describe

Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)?  ☐ Yes ☒ No  If Yes, describe

There are no apparent adverse conditions, however this is an extrodinary assumption as my inspection was made without the benefit of a title report or survey. See preliminary title report.

| General Description | | Foundation | | Exterior Description | materials/condition | Interior | materials/condition |
|---|---|---|---|---|---|---|---|
| Units ☒ One ☐ One with Accessory Unit | | ☒ Concrete Slab ☐ Crawl Space | | Foundation Walls Concrete | | Floors Travtne, wdlam/Avg | |
| # of Stories 2 | | ☐ Full Basement ☐ Partial Basement | | Exterior Walls Stucco / Avg | | Walls Drywall/Average | |
| Type ☒ Det. ☐ Att. ☐ S-Det./End Unit | | Basement Area 0 sq.ft. | | Roof Surface Concrete Tile / Avg | | Trim/Finish Wood/Average | |
| ☒ Existing ☐ Proposed ☐ Under Const. | | Basement Finish 0 % | | Gutters & Downspouts Overhang / Avg | | Bath Floor Tile,Marble/Avg | |
| Design (Style) 2 Story | | ☐ Outside Entry/Exit ☐ Sump Pump | | Window Type Sliding / Avg | | Bath Wainscot Travertine/Avg | |
| Year Built 2000 | | Evidence of ☐ Infestation None Obsv | | Storm Sash/Insulated No / Dual / Avg | | Car Storage ☐ None | |
| Effective Age (Yrs) 5 Years | | ☐ Dampness ☐ Settlement | | Screens Yes | | ☒ Driveway # of Cars 2 | |
| Attic ☐ None | | Heating ☒ FWA ☐ HWBB ☐ Radiant | | Amenities ☐ Woodstove(s) # | | Driveway Surface Concrete | |
| ☐ Drop Stair ☐ Stairs | | ☐ Other Fuel Gas | | ☐ Fireplace(s) # ☒ Fence Block | | ☒ Garage # of Cars 2 | |
| ☐ Floor ☒ Scuttle | | Cooling ☒ Central Air Conditioning | | ☒ Patio/Deck Cov ☒ Porch Cov, Entry | | ☐ Carport # of Cars | |
| ☐ Finished ☐ Heated | | ☐ Individual ☐ Other | | ☐ Pool ☐ Other | | ☐ Att. ☐ Det. ☒ Built-In | |

Appliances ☒ Refrigerator ☒ Range/Oven ☒ Dishwasher ☒ Disposal ☒ Microwave ☒ Washer/Dryer ☐ Other (describe)

Finished area above grade contains:    7 Rooms    4 Bedrooms    2.50 Bath(s)    1,941 Square Feet of Gross Living Area Above Grade

Additional features (special energy efficient items, etc.).    See additional comments.

Describe the condition of the property (including needed repairs, deterioration, renovations, remodeling, etc.).    The subject is considered to be of average quality construction, in overall average condition. No external or functional inadequacies observed at time of inspection. Physical depreciation calculated using the age/life method. Roof cover appears to be in average condition. Floor plan is adequate.

Are there any physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property?  ☐ Yes ☒ No  If Yes, describe

Does the property generally conform to the neighborhood (functional utility, style, use, construction, etc.)?  ☒ Yes ☐ No  If No, describe

| | | |
|---|---|---|
| Freddie Mac Form 70 March 2005 | Page 1 of 6 | Fannie Mae Form 1004 March 2005 |

Main File No. 0104367  Page #3

## Uniform Residential Appraisal Report

File # 0104367

There are **32** comparable properties currently offered for sale in the subject neighborhood ranging in price from $ **119,000** to $ **180,000**

There are **16** comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ **140,000** to $ **206,000**

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 10089 Dragonfly Wing St | 1863 Ghost Trace Ave | | 902 Dancing Vines Ave | | 1884 Silver Bough Ct | |
| | Las Vegas, NV 89183-6493 | Las Vegas | | Las Vegas | | Las Vegas | |
| Proximity to Subject | | 0.26 miles E | | 0.67 miles W | | 0.47 miles NE | |
| Sale Price | $ N/A | $ | 149,000 | $ | 160,000 | $ | 162,000 |
| Sale Price/Gross Liv. Area | $ sq.ft. | $ 79.34 sq.ft. | | $ 73.60 sq.ft. | | $ 71.71 sq.ft. | |
| Data Source(s) | | Taxstar & MLS # 995372 | | Taxstar & MLS # 993057 | | Taxstar & MLS # 1067427 | |
| Verification Source(s) | | APN # 177-26-610-022 | | APN # 177-27-611-264 | | APN # 177-26-510-125 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sales or Financing | | Conv | | FHA SI Pd 2.2 P | | Cash | |
| Concessions | | Dom 2 | | Dom 5 | | Dom 17 | |
| Date of Sale/Time | | 08/19/2010 | | 08/06/2010 | | 09/17/2010 | |
| Location | Suburban | Suburban | | Suburban | | Suburban | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 5,342 Sq. Ft. | 4,683 Sq. Ft. | | 6,195 Sq. Ft. | | 4,535 Sq. Ft. | |
| View | Neighborhood | Neighborhood | | Neighborhood | | Neighborhood | |
| Design (Style) | 2 Story | 2 Story | | 2 Story | | 2 Story | |
| Quality of Construction | Stucco / Conc | Stucco / Conc | | Stucco / Conc | | Stucco / Conc | |
| Actual Age | 10 Years | 10 Years | | 10 Years | | 10 Years | |
| Condition | Average | Average | | Average | | Average | |
| Above Grade | Total / Bdrms. / Baths | Total / Bdrms. / Baths | | Total / Bdrms. / Baths | | Total / Bdrms. / Baths | |
| Room Count | 7 / 4 / 2.50 | 7 / 3 / 2.50 | | 6 / 3 / 2.50 | | 8 / 5 / 3.00 | |
| Gross Living Area | 1,941 sq.ft. | 1,878 sq.ft. | 0 | 2,174 sq.ft. | -6,990 | 2,259 sq.ft. | -9,540 |
| Basement & Finished | 0 | 0 | | 0 | | 0 | |
| Rooms Below Grade | 0 | 0 | | 0 | | 0 | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | FWA / CAC | FWA / CAC | | FWA / CAC | | FWA / CAC | |
| Energy Efficient Items | None Noted | None Noted | | None Noted | | None Noted | |
| Garage/Carport | Garage 2 | Garage 2 | | Garage 2 | | Garage 2 | |
| Porch/Patio/Deck | Cov Patio | Cov Patio | 0 | Cov Pat/Balc | -1,500 | Patio | +1,500 |
| Fireplace | No Fireplace | Fireplace 1 | -1,500 | Fireplace 1 | -1,500 | Fireplace 1 | -1,500 |
| Upgrades / Landscaping | Avg / Avg | Avg-/ Avg | +4,000 | Avg -/ Avg | +2,000 | Avg -/ Avg | +5,500 |
| Pool / Spa | No Pool/No Spa | No Pool/No Spa | 0 | No Pool/No Spa | 0 | No Pool/No Spa | 0 |
| Net Adjustment (Total) | | ☒ + ☐ - $ | 2,500 | ☐ + ☒ - $ | -7,990 | ☐ + ☒ - $ | -4,040 |
| Adjusted Sale Price | | Net Adj. 1.7% | | Net Adj. 5.0% | | Net Adj. 2.5% | |
| of Comparables | | Gross Adj. 3.7% $ | 151,500 | Gross Adj. 7.5% $ | 152,010 | Gross Adj. 11.1% $ | 157,960 |

☒ I ☐ did ☒ did not research the sale or transfer history of the subject property and comparable sales. If not, explain

My research ☐ did ☒ did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Data Source(s)   Clark County Assessor / MLS
My research ☒ did ☐ did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.
Data Source(s)   Clark County Assessor / MLS
Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE #1 | COMPARABLE SALE #2 | COMPARABLE SALE #3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | None Noted / 3 Years | None Noted / 3 Years | None Noted / 3 Years | 01/06/2010 |
| Price of Prior Sale/Transfer | None Noted / 3 Years | None Noted / 3 Years | None Noted / 3 Years | $164,900 Trustees Deed |
| Data Source(s) | Clark County Assessor,MLS | Clark County Assessor,MLS | Clark County Assessor,MLS | Clark County Assessor/MLS |
| Effective Date of Data Source(s) | 10/08/2010 | 10/08/2010 | 10/08/2010 | 10/08/2010 |

Analysis of prior sale or transfer history of the subject property and comparable sales   The subject and comparable sales have not been sold within the last 3 years except as given in the grid of the sales comparison approach.

Summary of Sales Comparison Approach   The subject's design, size, age, and maintenance level is compatible with the neighborhood. The closed sales displayed in the analysis were considered to be the most comparable to the subject and the best indicators of value for the subject. They are all considered reasonable purchase alternatives. A reasonable alternative reflects the economic principle of "substitution" whereby a well informed or well advised purchaser would pay no more for a property than the cost of acquiring an equally desirable substitute. Dollar adjustments are an estimate reflecting the market's reaction to the difference in the properties, not necessarily the cost of the difference. A "none noted" amenity entry indicates that the appraiser could not ascertain the existence or non-existence of that amenity and accordingly no adjustments were made. Sites typical in size and utility were not adjusted for their square foot differences. In estimating market value each comparable was given equal consideration after market recognized adjustments were made.

Indicated Value by Sales Comparison Approach $   156,000

Indicated Value by: Sales Comparison Approach $ **156,000**   Cost Approach (if developed) $ **N/A**   Income Approach (if developed) $ **N/A**

Greatest consideration on Sales Comparison Analysis as the action of buyers and sellers are reflected therein. The Cost Analysis is not applicable with the exception of FHA financing of homes new to 12 months old. When provided, it is per lender request or information only.

This appraisal is made ☒ "as is", ☐ subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed, ☐ subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs have been completed, or ☐ subject to the following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair:   This appraisal is made "As Is" and is 100% complete. No personal property is included in the final value estimate.

Based on a complete visual inspection of the interior and exterior areas of the subject property, defined scope of work, statement of assumptions and limiting conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is $ **156,000** , as of **10/08/2010** , which is the date of inspection and the effective date of this appraisal.

Freddie Mac Form 70 March 2005 | Page 2 of 6 | Fannie Mae Form 1004 March 2005

Form 1004 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

# Uniform Residential Appraisal Report

File # 0104367

See attached addenda.

**ADDITIONAL COMMENTS**

## COST APPROACH TO VALUE (not required by Fannie Mae)

Provide adequate information for the lender/client to replicate the below cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value)    The cost approach was not completed.

| | |
|---|---|
| ESTIMATED ☐ REPRODUCTION OR ☐ REPLACEMENT COST NEW | OPINION OF SITE VALUE ................................... =$ |
| Source of cost data | DWELLING        Sq.Ft. @ $ ............... =$ |
| Quality rating from cost service        Effective date of cost data | Sq.Ft. @ $ ............... =$ |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | ....................................................... =$ |
| | Garage/Carport    Sq.Ft. @ $ ............... =$ |
| | Total Estimate of Cost-New ....................... =$ |
| | Less    Physical    Functional    External |
| | Depreciation ................................... =$( ) |
| | Depreciated Cost of Improvements ............... =$ |
| | "As-Is" Value of Site Improvements ............. =$ |
| Estimated Remaining Economic Life (HUD and VA only)    65  Years | INDICATED VALUE BY COST APPROACH ............... =$ |

## INCOME APPROACH TO VALUE (not required by Fannie Mae)

Estimated Monthly Market Rent $        N/A        X Gross Rent Multiplier        N/A    = $        N/A        Indicated Value by Income Approach

Summary of Income Approach (including support for market rent and GRM)    Income approach was considered, but due to lack of data was not given any weight.

## PROJECT INFORMATION FOR PUDs (if applicable)

Is the developer/builder in control of the Homeowners' Association (HOA)?  ☐ Yes  ☒ No    Unit type(s)  ☒ Detached  ☐ Attached

Provide the following information for PUDs ONLY if the developer/builder is in control of the HOA and the subject property is an attached dwelling unit.

Legal Name of Project

| | | |
|---|---|---|
| Total number of phases | Total number of units | Total number of units sold |
| Total number of units rented | Total number of units for sale | Data source(s) |

Was the project created by the conversion of existing building(s) into a PUD?  ☐ Yes  ☐ No  If Yes, date of conversion.

Does the project contain any multi-dwelling units?  ☐ Yes  ☐ No  Data Source

Are the units, common elements, and recreation facilities complete?  ☐ Yes  ☐ No  If No, describe the status of completion.

Are the common elements leased to or by the Homeowners' Association?  ☐ Yes  ☐ No  If Yes, describe the rental terms and options.

Describe common elements and recreational facilities.

## Uniform Residential Appraisal Report

File # 0104367

This report form is designed to report an appraisal of a one-unit property or a one-unit property with an accessory unit; including a unit in a planned unit development (PUD). This report form is not designed to report an appraisal of a manufactured home or a unit in a condominium or cooperative project.

This appraisal report is subject to the following scope of work, intended use, intended user, definition of market value, statement of assumptions and limiting conditions, and certifications. Modifications, additions, or deletions to the intended use, intended user, definition of market value, or assumptions and limiting conditions are not permitted. The appraiser may expand the scope of work to include any additional research or analysis necessary based on the complexity of this appraisal assignment. Modifications or deletions to the certifications are also not permitted. However, additional certifications that do not constitute material alterations to this appraisal report, such as those required by law or those related to the appraiser's continuing education or membership in an appraisal organization, are permitted.

**SCOPE OF WORK:** The scope of work for this appraisal is defined by the complexity of this appraisal assignment and the reporting requirements of this appraisal report form, including the following definition of market value, statement of assumptions and limiting conditions, and certifications. The appraiser must, at a minimum: (1) perform a complete visual inspection of the interior and exterior areas of the subject property, (2) inspect the neighborhood, (3) inspect each of the comparable sales from at least the street, (4) research, verify, and analyze data from reliable public and/or private sources, and (5) report his or her analysis, opinions, and conclusions in this appraisal report.

**INTENDED USE:** The intended use of this appraisal report is for the lender/client to evaluate the property that is the subject of this appraisal for a mortgage finance transaction.

**INTENDED USER:** The intended user of this appraisal report is the lender/client.

**DEFINITION OF MARKET VALUE:** The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U. S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgment.

**STATEMENT OF ASSUMPTIONS AND LIMITING CONDITIONS:** The appraiser's certification in this report is subject to the following assumptions and limiting conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it, except for information that he or she became aware of during the research involved in performing this appraisal. The appraiser assumes that the title is good and marketable and will not render any opinions about the title.

2. The appraiser has provided a sketch in this appraisal report to show the approximate dimensions of the improvements. The sketch is included only to assist the reader in visualizing the property and understanding the appraiser's determination of its size.

3. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in this appraisal report whether any portion of the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

5. The appraiser has noted in this appraisal report any adverse conditions (such as needed repairs, deterioration, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the research involved in performing the appraisal. Unless otherwise stated in this appraisal report, the appraiser has no knowledge of any hidden or unapparent physical deficiencies or adverse conditions of the property (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) that would make the property less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, this appraisal report must not be considered as an environmental assessment of the property.

6. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that the completion, repairs, or alterations of the subject property will be performed in a professional manner.

## Uniform Residential Appraisal Report

File # 0104367

**APPRAISER'S CERTIFICATION:** The Appraiser certifies and agrees that:

1. I have, at a minimum, developed and reported this appraisal in accordance with the scope of work requirements stated in this appraisal report.

2. I performed a complete visual inspection of the interior and exterior areas of the subject property. I reported the condition of the improvements in factual, specific terms. I identified and reported the physical deficiencies that could affect the livability, soundness, or structural integrity of the property.

3. I performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

4. I developed my opinion of the market value of the real property that is the subject of this report based on the sales comparison approach to value. I have adequate comparable market data to develop a reliable sales comparison approach for this appraisal assignment. I further certify that I considered the cost and income approaches to value but did not develop them, unless otherwise indicated in this report.

5. I researched, verified, analyzed, and reported on any current agreement for sale for the subject property, any offering for sale of the subject property in the twelve months prior to the effective date of this appraisal, and the prior sales of the subject property for a minimum of three years prior to the effective date of this appraisal, unless otherwise indicated in this report.

6. I researched, verified, analyzed, and reported on the prior sales of the comparable sales for a minimum of one year prior to the date of sale of the comparable sale, unless otherwise indicated in this report.

7. I selected and used comparable sales that are locationally, physically, and functionally the most similar to the subject property.

8. I have not used comparable sales that were the result of combining a land sale with the contract purchase price of a home that has been built or will be built on the land.

9. I have reported adjustments to the comparable sales that reflect the market's reaction to the differences between the subject property and the comparable sales.

10. I verified, from a disinterested source, all information in this report that was provided by parties who have a financial interest in the sale or financing of the subject property.

11. I have knowledge and experience in appraising this type of property in this market area.

12. I am aware of, and have access to, the necessary and appropriate public and private data sources, such as multiple listing services, tax assessment records, public land records and other such data sources for the area in which the property is located.

13. I obtained the information, estimates, and opinions furnished by other parties and expressed in this appraisal report from reliable sources that I believe to be true and correct.

14. I have taken into consideration the factors that have an impact on value with respect to the subject neighborhood, subject property, and the proximity of the subject property to adverse influences in the development of my opinion of market value. I have noted in this appraisal report any adverse conditions (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) observed during the inspection of the subject property or that I became aware of during the research involved in performing this appraisal. I have considered these adverse conditions in my analysis of the property value, and have reported on the effect of the conditions on the value and marketability of the subject property.

15. I have not knowingly withheld any significant information from this appraisal report and, to the best of my knowledge, all statements and information in this appraisal report are true and correct.

16. I stated in this appraisal report my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the assumptions and limiting conditions in this appraisal report.

17. I have no present or prospective interest in the property that is the subject of this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or opinion of market value in this appraisal report on the race, color, religion, sex, age, marital status, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property or on any other basis prohibited by law.

18. My employment and/or compensation for performing this appraisal or any future or anticipated appraisals was not conditioned on any agreement or understanding, written or otherwise, that I would report (or present analysis supporting) a predetermined specific value, a predetermined minimum value, a range or direction in value, a value that favors the cause of any party, or the attainment of a specific result or occurrence of a specific subsequent event (such as approval of a pending mortgage loan application).

19. I personally prepared all conclusions and opinions about the real estate that were set forth in this appraisal report. If I relied on significant real property appraisal assistance from any individual or individuals in the performance of this appraisal or the preparation of this appraisal report, I have named such individual(s) and disclosed the specific tasks performed in this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in this appraisal report; therefore, any change made to this appraisal is unauthorized and I will take no responsibility for it.

20. I identified the lender/client in this appraisal report who is the individual, organization, or agent for the organization that ordered and will receive this appraisal report.

Freddie Mac Form 70 March 2005                    Page 5 of 6                    Fannie Mae Form 1004 March 2005

# Uniform Residential Appraisal Report    File # 0104367

21. The lender/client may disclose or distribute this appraisal report to: the borrower; another lender at the request of the borrower; the mortgagee or its successors and assigns; mortgage insurers; government sponsored enterprises; other secondary market participants; data collection or reporting services; professional appraisal organizations; any department, agency, or instrumentality of the United States; and any state, the District of Columbia, or other jurisdictions; without having to obtain the appraiser's or supervisory appraiser's (if applicable) consent. Such consent must be obtained before this appraisal report may be disclosed or distributed to any other party (including, but not limited to, the public through advertising, public relations, news, sales, or other media).

22. I am aware that any disclosure or distribution of this appraisal report by me or the lender/client may be subject to certain laws and regulations. Further, I am also subject to the provisions of the Uniform Standards of Professional Appraisal Practice that pertain to disclosure or distribution by me.

23. The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves any one or more of these parties.

24. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

25. Any intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq., or similar state laws.

SUPERVISORY APPRAISER'S CERTIFICATION: The Supervisory Appraiser certifies and agrees that:

1. I directly supervised the appraiser for this appraisal assignment, have read the appraisal report, and agree with the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

2. I accept full responsibility for the contents of this appraisal report including, but not limited to, the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

3. The appraiser identified in this appraisal report is either a sub-contractor or an employee of the supervisory appraiser (or the appraisal firm), is qualified to perform this appraisal, and is acceptable to perform this appraisal under the applicable state law.

4. This appraisal report complies with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

5. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

| APPRAISER    Steven D Protheroe | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
|---|---|
| Signature    *Steve Protheroe* | Signature _____ |
| Name  Steven D Protheroe | Name _____ |
| Company Name  Desert Appraisals, LLC | Company Name _____ |
| Company Address   6295 Mcleod Drive , Suite 18, Las Vegas, NV | Company Address _____ |
| 89120 | _____ |
| Telephone Number   (702) 730-2989 | Telephone Number _____ |
| Email Address   steve@desertappraisalsnv.com | Email Address _____ |
| Date of Signature and Report   October 12, 2010 | Date of Signature _____ |
| Effective Date of Appraisal   10/08/2010 | State Certification # _____ |
| State Certification # _____ | or State License # _____ |
| or State License #   A.0004621-RES | State _____ |
| or Other (describe) _____ State # _____ | Expiration Date of Certification or License _____ |
| State  NV | |
| Expiration Date of Certification or License   4/30/2011 | SUBJECT PROPERTY |

| ADDRESS OF PROPERTY APPRAISED | ☐ Did not inspect subject property |
|---|---|
| 10089 Dragonfly Wing St | ☐ Did inspect exterior of subject property from street |
| Las Vegas, NV 89183-6493 | Date of Inspection _____ |
| APPRAISED VALUE OF SUBJECT PROPERTY $   156,000 | ☐ Did inspect interior and exterior of subject property |
| LENDER/CLIENT | Date of Inspection _____ |
| Name _____ | |
| Company Name  Gandhi, Vijay | COMPARABLE SALES |
| Company Address   10089 Dragonfly Wing St, Las Vegas | |
| _____ | ☐ Did not inspect exterior of comparable sales from street |
| Email Address _____ | ☐ Did inspect exterior of comparable sales from street |
| | Date of Inspection _____ |

Form 1004 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

## Supplemental Addendum

File No. 0104367

| Borrower/Client | N/A | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 10089 Dragonfly Wing St | | | | | |
| City | Las Vegas | County | Clark | State | NV | Zip Code 89183-6493 |
| Lender | Gandhi, Vijay | | | | | |

## • URAR : Additional Comments

Additional Features: The subject features rear fenced yard, front and rear landscaping, covered patio, travertine flooring at first floor, wood laminate flooring at second floor, granite counters in kitchen, island in kitchen, upgraded cabinets in kitchen, stainless steel appliances, plantation shutters, built in shelving in walk in closets, ceiling fans, water conditioner, etc..

Upgrade Adjustments:
Comparable #1 was adjusted to reflect it's inferior interior upgrades ( lack of granite counters , inferior cabinets ).
Comparable #2 was adjusted to reflect it's inferior interior upgrades ( inferior cabinets ).
Comparable #3 was adjusted to reflect it's inferior interior upgrades ( lack of granite counters , inferior cabinets, less upgraded flooring ).

Comparable listing #1 was adjusted to reflect it's inferior interior upgrades ( lack of granite counters , inferior cabinets, less upgraded flooring ).
Comparable listing #2 was not adjusted due to it's similar interior upgrades.
Comparable listing #3 was adjusted to reflect it's inferior interior upgrades ( lack of granite counters , inferior cabinets, less upgraded flooring ).

OVER 1 MILE DISTANT
Research was expanded in excess of one mile from the subject property for comparable listing #2  however, the listing is considered to be a reliable indicator of value for the subject property, as it is a current listing of a similar dwelling with similar gross building area, age, condition and located in a similar neighborhood.  Due to the declining value market conditions in the Las Vegas Valley there are limited recent, similar sales comparables available.

ELECTRONIC SIGNATURE:
The electronic signature, which has been securely affixed to this report, carries the same level of authenticity as a traditional signature.

This appraisal report is not a home inspection, the appraiser only performed a visual inspection of accessible areas and that the appraisal cannot be relied upon to disclose conditions and/or defects in the property. In addition , simply because a borrower or third party may receive a copy of the appraisal, it does not mean that the borrower or third party is an intended user as that term is defined in the URAR form.

"Greater Las Vegas Association of Realtors Reports"
Single-family homes sales dropped sharply to 2,806 in September, a 16.4 percent decrease from the same month a year ago, and inventory of homes on the market jumped 9.2 percent to 22,719.  The number of homes available without contingent or pending offers increased 50.3 percent from last year to 11,887, the most since the association began tracking them in August 2009.  The market added 4,473 homes to the MLS in September.  The median single-family home price fell 2.2 percent from a year ago to $135,000 in September.  The association reported 797 sales of condos and townhomes at a median price of $65,000, a decrease of 7.2 percent and 1.1 percent, respectively, from a year ago.  The percentage of homes sold as foreclosures or short sales - bank approved sales for less than the principle mortgage balance - remained fairly steady in September at 42 percent and 30 percent, respectively.  Also, 45.4 percent of sales were all-cash transactions.  The number of bank-owned property closings has ranged between 1,400 and 1,550 for the past six months, and short sales have been between 950 and 1,150 for the same period.  The success rate of closed short sale versus pending short sales has increased from one in every 11.99 in escrow in April to one in every 8.53 in escrow in September.  Inventory is still climbing, both overall and specifically in the real estate-owned, or bank-owned, and short sale categories.

The current unemployment rate for the Las Vegas Valley is at 14.7 %.

Comparable sales #1, #2 were short sale properties, #3 was a bank owned property, comparable listing #1 is a bank owned property, #2, #3 are short sale properties.

Listings are provided for informational purposes only.

It is unavoidable to not use bank owned properties or short sale properties due to the declining value market conditions in the Las Vegas Valley.

Tha sales prope to list price ratio for the subject's market area is from 91.4 % to 111.1%.

## Additional Listings

File # 0104367

| FEATURE | SUBJECT | LISTING # 1 | | LISTING # 2 | | LISTING # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 10089 Dragonfly Wing St Las Vegas, NV 89183-6493 | 10071 Cheyenne Dawn St Las Vegas | | 1092 Whispering Birch Ave Las Vegas | | 10165 Juniper Myrtle Ct Las Vegas | |
| Proximity to Subject | | 0.17 miles W | | 1.02 miles NW | | 0.81 miles W | |
| List Price | $  Not Listed | $ 166,500 | | $ 165,000 | | $ 156,900 | |
| List Price/Gross Liv. Area | $           sq.ft. | $ 85.78 sq.ft. | | $ 75.58 sq.ft. | | $ 70.93 sq.ft | |
| Last Price Revision Date | N/A | 09/23/2010 | | 09/14/2010 | | 09/17/2010 | |
| Data Source(s) | | MLS # 1062258 | | MLS # 1021888 | | MLS # 1069987 | |
| Verification Source(s) | | Assessor # 177-26-211-027 | | Assessor # 177-22-710-123 | | Assessor # 177-27-711-075 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. |
| Sales or Financing | | Unknown | | Unknown | | Pending/FHA | |
| Concessions | | Unknown | | Unknown | | Unknown | |
| Days on Market | | Dom 19 | | Dom 28 | | Dom 44 | |
| Location | Suburban | Suburban | | Suburban | | Suburban | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 5,342 Sq. Ft. | 5,163 Sq. Ft | | 4,950 Sq. Ft | | 4,006 Sq. Ft | |
| View | Neighborhood | Neighborhood | | Neighborhood | | Neighborhood | |
| Design (Style) | 2 Story | 2 Story | | 2 Story | | 2 Story | |
| Quality of Construction | Stucco / Conc | Stucco / Conc | | Stucco / Conc | | Stucco / Conc | |
| Actual Age | 10 Years | 10 Years | | 11 Years | | 9 Years | |
| Condition | Average | Average | | Average | | Average | |
| Above Grade | Total / Bdrms. / Baths | Total / Bdrms. / Baths | | Total / Bdrms. / Baths | | Total / Bdrms. / Baths | |
| Room Count | 7 / 4 / 2.50 | 7 / 3 / 2.50 | | 7 / 4 / 2.50 | | 7 / 4 / 2.50 | |
| Gross Living Area | 1,941 sq.ft. | 1,941 sq.ft. | 0 | 2,183 sq.ft. | -7,260 | 2,212 sq.ft. | -8,130 |
| Basement & Finished | 0 | 0 | | 0 | | 0 | |
| Rooms Below Grade | 0 | 0 | | 0 | | 0 | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | FWA / CAC | FWA / CAC | | FWA / CAC | | FWA / CAC | |
| Energy Efficient Items | None Noted | None Noted | | None Noted | | None Noted | |
| Garage/Carport | Garage 2 | Garage 2 | 0 | Garage 3 | -3,000 | Garage 2 | 0 |
| Porch/Patio/Deck | Cov Patio | Patio | +1,500 | Cov Pat/Balc | -1,500 | Cov. Patio | 0 |
| Fireplace | No Fireplace | Fireplace 1 | -1,500 | No Fireplace | 0 | Fireplace 1 | -1,500 |
| Avg/Avg | Avg / Avg | Avg / Avg | +5,500 | Avg / Avg | 0 | Avg -/ Avg | +5,500 |
| Pool and Spa | No Pool/No Spa | No Pool/No Spa | 0 | Pool/Spa | -15,000 | No Pool/No Spa | 0 |
| Net Adjustment (Total) | | ☒ + ☐ - | $ 5,500 | ☐ + ☒ - | $ -26,760 | ☐ + ☒ - | $ -4,130 |
| Adjusted List Price | | Net 3.3 % | | Net 16.2 % | | Net 2.6 % | |
| of Comparables | | Gross 5.1 % | $ 172,000 | Gross 16.2 % | $ 138,240 | Gross 9.6 % | $ 152,770 |

Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | LISTING # 1 | LISTING # 2 | LISTING # 3 |
|---|---|---|---|---|
| Date of Prior Sale / Transfer | None Noted / 3 Years | 08/05/2010 | None Noted / 3 Years | 07/06/2010 |
| Price of Prior Sale / Transfer | None Noted / 3 Years | $283,451 Trustees Deed | None Noted / 3 Years | $140,165 Trustees Deed |
| Data Source(s) | Clark County Assessor,MLS | Clark County Assessor,MLS | Clark County Assessor,MLS | Clark County Assessor,MLS |
| Effective Date of Data Source(s) | 10/08/2010 | 10/08/2010 | 10/08/2010 | 10/08/2010 |

Comments:

## Plat Map

| Borrower/Client | N/A | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 10089 Dragonfly Wing St | | | | | |
| City | Las Vegas | County | Clark | State | NV | Zip Code 89183-6493 |
| Lender | Gandhi, Vijay | | | | | |

## Location Map

| | |
|---|---|
| Borrower/Client | N/A |
| Property Address | 10089 Dragonfly Wing St |
| City | Las Vegas | County | Clark | State | NV | Zip Code | 89183-6493 |
| Lender | Gandhi, Vijay |



## Building Sketch

| Borrower/Client | N/A | | | |
|---|---|---|---|---|
| Property Address | 10089 Dragonfly Wing St | | | |
| City | Las Vegas | County  Clark | State  NV | Zip Code  89183-6493 |
| Lender | Gandhi, Vijay | | | |



Sketch by Apex IV™

Comments:

| AREA CALCULATIONS SUMMARY | | | |
|---|---|---|---|
| Code | Description | Net Size | Net Totals |
| GLA1 | First Floor | 964.0 | 964.0 |
| GLA2 | Second Floor | 977.0 | 977.0 |
| P/P | Covered Patio | 248.0 | 248.0 |
| GAR | Garage | 380.0 | 380.0 |
| | | | |
| | Net LIVABLE Area | (Rounded) | 1941 |

| LIVING AREA BREAKDOWN | | |
|---|---|---|
| Breakdown | | Subtotals |
| First Floor | | |
| 2.0  x  7.0 | | 14.0 |
| 18.0  x  35.0 | | 630.0 |
| 16.0  x  20.0 | | 320.0 |
| Second Floor | | |
| 14.0  x  38.0 | | 532.0 |
| 13.0  x  21.0 | | 273.0 |
| 4.0  x  9.0 | | 36.0 |
| 8.0  x  17.0 | | 136.0 |
| 7 Items | (Rounded) | 1941 |

Form SKT.BldSkt — "WinTOTAL" appraisal software by a la mode, Inc. — 1-800-ALAMODE

Main File No. 0104367 Page #13

## Subject Photo Page

| | | | | | |
|---|---|---|---|---|---|
| Borrower/Client | N/A | | | | |
| Property Address | 10089 Dragonfly Wing St | | | | |
| City | Las Vegas | County Clark | | State NV | Zip Code 89183-6493 |
| Lender | Gandhi, Vijay | | | | |



**Subject Front**

| | |
|---|---|
| 10089 Dragonfly Wing St | |
| Sales Price | N/A |
| Gross Living Area | 1,941 |
| Total Rooms | 7 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2.50 |
| Location | Suburban |
| View | Neighborhood |
| Site | 5,342 Sq. Ft. |
| Quality | Stucco / Conc |
| Age | 10 Years |



**Subject Rear**



**Subject Street**

Main File No. 0104367| Page #14

### Subject Interior Photo Page

| | |
|---|---|
| Borrower/Client | N/A |
| Property Address | 10089 Dragonfly Wing St |
| City | Las Vegas | County | Clark | State | NV | Zip Code | 89183-6493 |
| Lender | Gandhi, Vijay |



**Subject Interior**

10089 Dragonfly Wing St
Sales Price          N/A
Gross Living Area    1,941
Total Rooms          7
Total Bedrooms       4
Total Bathrooms      2.50
Location             Suburban
View                 Neighborhood
Site                 5,342 Sq. Ft.
Quality              Stucco / Conc
Age                  10 Years



**Subject Interior**



**Subject Interior**

## Comparable Photo Page

| | | | | | |
|---|---|---|---|---|---|
| Borrower/Client | N/A | | | | |
| Property Address | 10089 Dragonfly Wing St | | | | |
| City | Las Vegas | County | Clark | State | NV | Zip Code | 89183-6493 |
| Lender | Gandhi, Vijay | | | | |



**Comparable 1**

1863 Ghost Trace Ave
| | |
|---|---|
| Prox. to Subject | 0.26 miles E |
| Sales Price | 149,000 |
| Gross Living Area | 1,878 |
| Total Rooms | 7 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2.50 |
| Location | Suburban |
| View | Neighborhood |
| Site | 4,683 Sq. Ft. |
| Quality | Stucco / Conc |
| Age | 10 Years |



**Comparable 2**

902 Dancing Vines Ave
| | |
|---|---|
| Prox. to Subject | 0.67 miles W |
| Sales Price | 160,000 |
| Gross Living Area | 2,174 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2.50 |
| Location | Suburban |
| View | Neighborhood |
| Site | 6,195 Sq. Ft. |
| Quality | Stucco / Conc |
| Age | 10 Years |



**Comparable 3**

1884 Silver Bough Ct
| | |
|---|---|
| Prox. to Subject | 0.47 miles NE |
| Sales Price | 162,000 |
| Gross Living Area | 2,259 |
| Total Rooms | 8 |
| Total Bedrooms | 5 |
| Total Bathrooms | 3.00 |
| Location | Suburban |
| View | Neighborhood |
| Site | 4,535 Sq. Ft. |
| Quality | Stucco / Conc |
| Age | 10 Years |

## Listing Photo Page

| | |
|---|---|
| Borrower/Client | N/A |
| Property Address | 10089 Dragonfly Wing St |
| City | Las Vegas |
| County | Clark |
| State | NV |
| Zip Code | 89183-6493 |
| Lender | Gandhi, Vijay |



### Listing 1

| | |
|---|---|
| | 10071 Cheyenne Dawn St |
| Proximity to Subject | 0.17 miles W |
| List Price | 166,500 |
| Days on Market | Dom 19 |
| Gross Living Area | 1,941 |
| Total Rooms | 7 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2.50 |
| Age | 10 Years |



### Listing 2

| | |
|---|---|
| | 1092 Whispering Birch Ave |
| Proximity to Subject | 1.02 miles NW |
| List Price | 165,000 |
| Days on Market | Dom 28 |
| Gross Living Area | 2,183 |
| Total Rooms | 7 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2.50 |
| Age | 11 Years |



### Listing 3

| | |
|---|---|
| | 10165 Juniper Myrtle Ct |
| Proximity to Subject | 0.81 miles W |
| List Price | 156,900 |
| Days on Market | Dom 44 |
| Gross Living Area | 2,212 |
| Total Rooms | 7 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2.50 |
| Age | 9 Years |

# APPRAISER LICENSE

## STATE OF NEVADA DEPARTMENT OF BUSINESS AND INDUSTRY

NOT TRANSFERABLE            **REAL ESTATE DIVISION**            NOT TRANSFERABLE

This is to Certify That: STEVEN D PROTHEROE                License Number: A.0004621-RES

Is duly authorized to act as a LICENSED RESIDENTIAL APPRAISER from the issue date to the expiration date at
the business address stated here in, unless the license is sooner revoked, cancelled, withdrawn, or invalidated.

Issue Date:  April 21, 2009                    Expire Date:  April 30, 2011

In witness whereof, THE DEPARTMENT OF BUSINESS AND INDUSTRY, REAL ESTATE DIVISION, by virtue of the
authority vested in it by Chapter 645C of the Nevada Revised Statues, has caused this license to be issued with its Seal printed
thereon. This license must be conspicuously displayed in place of business.

FOR:    DESERT APPRAISALS LLC                    REAL ESTATE DIVISION
        6295 MCLEOD DR #13
        LAS VEGAS, NV  89120

                                GAIL J ANDERSON
                                   Administrator

# Proposed Order

1

2

3

4

5

6

7  ROBERTSON & BENEVENTO
   SAM BENEVENTO
8  Nevada Bar No. 003676
   1945 East Warm Springs
9  Las Vegas NV 89119
   702/433-2000
10 Attorney for Debtor(s)
   generaldelivery@nevlawyers.com
11

12

13            **UNITED STATES BANKRUPTCY COURT**

14                      **DISTRICT OF NEVADA**

15

16

17 In Re:                              ) Case No. BKS-10-29511-LBR
                                       ) Chapter 13
18 **VIJAY GANDHI**                    )
                                       ) Hearing Date:   December 22, 2010
19                                     ) Hearing Time:   3:05 pm
                                       )
20                                     )
                                       )
21                                     )
                                       )
22 Debtor(s).                          )
                                       )
23

   **ORDER TO VALUE COLLATERAL; ORDER TO AVOID LIEN**
24
       This matter having come before the Court for a hearing on December 22, 2010, on
25
26 Debtor's MOTION TO VALUE COLLATERAL; MOTION TO AVOID LIEN, and based

27 / / /

28

ROBERTSON & BENEVENTO
1945 East Warm Springs Road
Las Vegas, Nevada 89119
Tel: (702) 433-2000    Fax: (702) 269-8139

upon the papers and pleadings on file herein, and good cause appearing; the Court finds as follows:

1. The Debtor's principal residence is located at 10089 Dragonfly Wing St., Las Vegas, NV  89183 (the "Subject Property") legally described as;

   Spencer Pyle, Plat Book 86, Page 43, Lot 197, Block 3,

   APN 177-26-211-197

2. The Subject Property is valued at $_____ as of the date of Debtor's Chapter 13 Petition.

3. The Subject Property is collateral for a senior secured claim of US Bank ("Senior Lienholder").

   **(Check only one box, and fill in blanks)**

   ☐ Senior Lienholder has filed a Proof of Claim related to such claim, and such Proof of Claim claims a debt of_____.  Senior Lienholder's Proof of Claim indicates that Senior Lineholder has assigned _____to this claim.

   **(or)**

   ☒ Senior Lienholder has ***not*** filed a Proof of Claim related to its claim, but has assigned  U.S. Bank  to this claim.  The Debtor's schedules list the amount of Senior Lineholder's claim as $168,205.00.

   ~~The Subject Property is also collateral for a junior secured claim of ("Junior Lienholder").~~

   **(Check only one box, and fill in blanks)**

   ☐ Junior Lienholder has filed a Proof of Claim related to such claim, and such Proof of Claim claims a debt of _____.  Junior Lineholder's Proof of

ROBERTSON & BENEVENTO
1945 East Warm Springs Road
Las Vegas, Nevada 89119
Tel: (702) 433-2000    Fax: (702) 269-8139

ROBERTSON & BENEVENTO
1945 East Warm Springs Road
Las Vegas, Nevada 89119
Tel: (702) 433-2000    Fax: (702) 269-8139

1  Claim indicates that Junior Lienholder has assigned _____ to

2  this claim.

3  **(or)**

4   Junior Lienholder has ***not*** filed a Proof of Claim related to its claim, but has

5

6  assigned Bank of America to this claim.  The Debtor's schedules list

7  the amount of Junior Lienholder's claims as $200,094.00.

8  4.  Given the above, Junior Lienholder 's interest in the Debtor's interest in the

9  Subject Property has no value.

10  THEREFORE, IT IS HEREBY ORDERED THAT, pursuant to Zimmer v. PSB

11  Lending Corp, (*In re* Zimmer), 313 F.3d 1220 (9th Cir. 2002), and 11 U.S.C. § § 506(a)

12  and 506(d), Junior Lienholder's claim is unsecured, and shall be treated as unsecured for

13  all purposes in this case, including the manner in which such claim is treated and paid in

14  Debtor's chapter 13 plan; and

15

16  IT IS FURTHER ORDERD that certain Deed of Trust recorded in the Office of the

17  Clark County Recorder as document number 20041026-0004847 and as modified by

18  document recorded 20051007-0004066, and as again modified by document recorded

19  20061218-0002558, all in the Office of the Clark County Nevada Recorder shall,

20  conditioned upon Debtor completing the above-referenced bankruptcy proceeding and

21  obtaining a Chapter 13 discharge, be removed and expunged from the county records

22  and shall thereafter no long constitute a lien or encumbrance upon the aforesaid real

23  property.

24  IT IS FURTHER ORDERED THAT, should Debtor receive a discharge in this

25  case, Junior Lienholder shall as soon as practicable thereafter take all necessary and

26  appropriate steps to remove its lien of record, and to ensure that Debtor's title to the

27  Subject Property is clear of any cloud on title related to Junior Lienholder's claim.  This

28

1  court hereby reserves jurisdiction with respect to any dispute over the actions necessary

2  to comply with this paragraph; and

3       IT IS FURTHER ORDERED THAT, should this case be dismissed, 11 U.S.C. §

4  349(b)(1)-(3) shall govern the continuing validity of this order; and

5       IT IS FURTHER ORDERED THAT, should this case be converted to one under

6  another chapter, 11 U.S.C. § 348(F) shall govern the continued validity of this order;  and

7

8       IT IS FURTHER ORDERED THAT nothing in this order shall be deemed to be an

9  allowance of disallowance of any claim of Senior Lienholder or Junior Lienholder, and

10  any party in interest, including the Debtor or the Trustee, may hereafter object to either

11  claim on any ground recognized by the Bankruptcy Code.

12  Submitted by:

13

14  _____

15  Sam Benevento
    Attorney for Debtor

16

17  In accordance with LR 9021, counsel submitting this document certifies that the order

18  accurately reflects the court's ruling and that (check one):

19  ____    This court has waived the requirement set forth in LR 9021(b) (1).

20  ____    No party appeared at the hearing or filed an objection to the motion.

21  ____    I have delivered a copy of this proposed order to all counsel who appeared at the
22           hearing, and any unrepresented parties who appeared at the hearing, and each
             has approved or disapproved the order, or failed to respond, as indicated below.
23           [list each party and whether the party has approved, disapproved, or failed to
             respond to the document].

24

25  ____    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this
26           order with the motion pursuant to LR 9014(g), and that no party has objected to
             the form or content of the order.

27

28

ROBERTSON & BENEVENTO
1945 East Warm Springs Road
Las Vegas, Nevada 89119
Tel: (702) 433-2000    Fax: (702) 269-8139